IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MACK HENRY LOTT, | : | HABEAS CORPUS |
| GDC No. 86015, | : | 28 U.S.C. § 2254 |
| Petitioner, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:14-CV-198-TWT-ECS |
| GREGORY MCLAUGHLIN, Warden, | : | |
| Respondent. | : | |

### FINAL REPORT AND RECOMMENDATION

This matter is before the Court on Mack Henry Lott's "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" [Doc. No. 1], Mr. Lott's "Local Rule 72 Objections" [Doc. No. 8], and Gregory McLaughlin's "Motion to Dismiss Petition as Untimely and for Lack of Exhaustion" [Doc. No. 10]. For the following reasons, the undersigned **RECOMMENDS** that (1) Mr. Lott's "Local Rule 72 Objections" be **DENIED**, (2) (A) Mr. McLaughlin's motion to dismiss be **GRANTED IN PART** and (B) Mr. Wallace's Petition be **DISMISSED AS UNTIMELY**, and (3) a certificate of appealability be **DENIED**.

Mr. Lott's "Local Rule 72 Objections" were addressed to the Middle District of Georgia and prepared before Mr. Lott received word that his habeas petition had been transferred to this Court. Mr. Lott has renewed none of those objections in this Court. The undersigned therefore **RECOMMENDS** that those objections be **DENIED** as moot.

Mr. McLaughlin contends that Mr. Lott's federal habeas petition should be dismissed for two reasons: first, because it is untimely, and, second, because Mr. Lott has allegedly failed to exhaust available state remedies. See [Doc. 10 at 2]. The time line relevant to those contentions is as follows:

The Georgia Court of Appeals affirmed Mr. Lott's convictions for voluntary manslaughter and possession of a firearm by a convicted felon on August 30, 2006. Lott v. State, 636 S.E.2d 102 (Ga. Ct. App. 2006). Mr. Lott did not apply to the Georgia Supreme Court for certiorari. Judgment against him therefore became final on September 11, 2006, when his time for seeking such review expired. See 28 U.S.C. § 2244(d)(1)(A); Gonzalez v. Thayer, 132 S. Ct. 641, 653 (2013); Ga. S. Ct. R. 38; Ga. Ct. App. R. 38. Mr. Lott then waited until June 30, 2008, to file a habeas corpus petition in state court. See [11-1].

Federal law provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court." 28 U.S.C. § 2244(d)(1). That limitation period runs from the latest of four specified events. Id. Although statutory tolling applies while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," 28 U.S.C. § 2244(d)(2), such tolling must commence

2

before the one-year federal limitations period expires. "A state court filing after the federal habeas filing deadline does not revive it." <u>Sibley v. Culliver</u>, 377 F.3d 1196, 1204 (11th Cir. 2004). "[O]nce a deadline has expired, there is nothing left to toll." <u>Id.</u>

In this case, the one-year federal limitations period began running on September 11, 2007, and Mr. Lott did not file his state habeas petition until June 20, 2008, over twenty-one months later (and more than nine months after the federal limitations period had expired). Consequently, his federal habeas petition is untimely. The undersigned **RECOMMENDS** that Mr. McLaughlin's "Motion to Dismiss" be **GRANTED IN PART** on that basis.

Mr. Lott's state habeas petition has been pending since 2008 without a final decision by the state habeas court - despite Mr. Lott's presentation of his case at evidentiary hearings in January 2009 and March 2010. <u>See</u> [11-1 at 2]. Because there is no indication in Mr. McLaughlin's brief that any of this more than five-year-delay is attributable to Mr. Lott, the undersigned **RECOMMENDS** that Mr. McLaughlin's "Motion to Dismiss" be **DENIED IN PART** insofar as it requests dismissal based on Mr. Lott's alleged "failure" to exhaust available state remedies.

The Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C.

3

foll. § 2254, Rule 11(a). A § 2254 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a § 2254 applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted); see also Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." (internal quotation marks omitted)). Mr. Lott has not demonstrated that he is entitled to federal habeas relief, that his petition is timely, or that

4

either issue is reasonably debatable. Thus, he is not entitled to a certificate of appealability in this case.

According, the undersigned further **RECOMMENDS** that a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 26th day of March, 2014.

> *S/ E. Clayton Scofield III*
> E. CLAYTON SCOFIELD III
> UNITED STATES MAGISTRATE JUDGE

5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MACK HENRY LOTT,              :    HABEAS CORPUS
GDC No. 86015,                :    28 U.S.C. § 2254
    Petitioner,               :
                              :
    v.                        :    CIVIL ACTION NO.
                              :    1:14-CV-198-TWT-ECS
GREGORY MCLAUGHLIN, Warden,   :
    Respondent.               :

### ORDER FOR SERVICE OF REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be

AO 72A
(Rev.8/82)

limited to a plain error review.  <u>United States v. Slay</u>, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED,** this 26th day of March, 2014.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)