**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| MACK HENRY LOTT, | : | HABEAS CORPUS |
| GDC ID 86015, | : | 28 U.S.C. § 2254 |
|     Petitioner, | : | |
| | : | |
|     v. | : | CIVIL ACTION NO. |
| | : | 1:14-CV-198-TWT-ECS |
| GREGORY MCLAUGHLIN, Warden, | : | |
|     Respondent. | : | |
| _____ | | _____ |
| MACK HENRY LOTT, | : | HABEAS CORPUS |
| GDC ID 86015, | : | 28 U.S.C. § 2254 |
|     Petitioner, | : | |
| | : | |
|     v. | : | CIVIL ACTION NO. |
| | : | 1:14-CV-2520-TWT-ECS |
| GREGORY MCLAUGHLIN, Warden, | : | |
|     Respondent. | : | |

**FINAL REPORT AND RECOMMENDATION**

In January 2014, state inmate Mack Henry Lott filed a "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody." See [-198 Doc. No. 1]. The undersigned recommended that Mr. Lott's § 2254 Petition be dismissed as untimely. See [-198 Doc. No. 12]. Mr. Lott did not object, and this Court dismissed Mr. Lott's § 2254 Petition as untimely in early May 2014. See [-198 Doc. No. 13]. After his time to appeal expired, Mr. Lott filed a "Declaration for Entry of Default" – which the Clerk docketed in the existing case – and a "Class Action Habeas Corpus" – which the Clerk docketed as a § 2254 petition in a new case. See [-198 Doc. No. 15]; [-2520 Doc. No. 1].

Because judgment has already been entered against Mr. Lott in the -198 Case, the undersigned **RECOMMENDS** that his "Declaration for Entry of Default" be **DENIED**.

Because Mr. Lott has already filed a § 2254 Petition, the undersigned **RECOMMENDS** that his "Class Action Habeas Corpus," – construed as a second or successive § 2254 petition – be **DISMISSED**, both because it re-raises claims that were previously presented and attempts to raise new claims without prior authorization from the United States Court of Appeals for the Eleventh Circuit. See 28 U.S.C. § 2244(b).

The Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. foll. § 2254, Rule 11(a). To merit a certificate of appealability, Mr. Lott must show that reasonable jurists would find debatable both (1) the merit of his underlying claims, and (2) the procedural issues that he seeks to raise. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 478 (2000). Mr. Lott has failed to make the requisite showing.

Accordingly, the undersigned further **RECOMMENDS** that a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

AO 72A
(Rev.8/82)

**SO RECOMMENDED AND DIRECTED**, this 8th day of August, 2014.

                                         ***S/ E. Clayton Scofield III***
                                         E. CLAYTON SCOFIELD III
                                         UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)